UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SHERYL P. SPROUSE, EXECUTOR OF
THE ESTATE OF DAVID MARSHALL
SPROUSE, DECEASED,

                    Plaintiff,

v.

AMERICAN TIRE DISTRIBUTORS, INC,
*et al.*,

                    Defendant.

Action No. 3:08–CV–491

## MEMORANDUM OPINION

THIS MATTER is before the Court on American Tire Distributors' ("ATD") Partial Motion to Dismiss for Failure to State a Claim (Docket No. 21). For the reasons stated below, Defendant ATD's Motion to Dismiss is GRANTED.

### I. BACKGROUND

Factual & Legal History

In 2003, ATD sold a Magnum Lift XL vehicle lift to Mr. Sprouse and as part of the sale, ATD agreed to deliver and install the lift. (Compl. ¶ 10.) According to the Complaint, ATD hired Alton H. Felder ("Felder") to install the lift under the direction and control of ATD. (Compl. ¶ 11.) On October 26, 2007, Mr. Sprouse was operating the lift he had purchased from ATD. (Compl. ¶ 13.) While working under a vehicle on the lift, an arm of the lift moved, causing the front of the vehicle to fall on top of Mr.

Sprouse. (Compl. ¶ 15.) As a result of this accident, Mr. Sprouse died on October 26, 2007. (Compl. ¶ 16.)

His spouse, Mrs. Sheryl Sprouse ("Sprouse") qualified as the Executor of his estate. (Compl. ¶ 8.) Sprouse filed a complaint on August 4, 2008 against ATD, Wheeltronic, Ltd. ("Wheeltronic"), and Snap-On, Inc. ("Snap-On"). ATD, Wheeltronic, and Snap-On individually filed Motions to Dismiss, and on October 23, 2008, this Court granted the motions without prejudice and gave Plaintiff fourteen days to amend her Complaint. On November 3, 2008, Plaintiff filed her Amended Complaint and on November 11, 2008, Defendant ATD filed the current Partial Motion to Dismiss.[1]

## II. DISCUSSION

A. Standard of Review

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), as well as any facts that could be proved that are

---

[1] There are four Counts in the Amended Complaint: Count I - Negligent and Defective Design and Manufacture; Count II - Failure to Warn, Inform, Instruct, and Apprise of a Dangerous Condition; Count III - Negligent and Defective Installation; and Count IV - Breach of Implied Warranty of Merchantability. The current Motion to Dismiss only relates to Count III - Negligent and Defective Installation.

consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). But, since the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must allege facts that show that its claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964, 1966 (2007); see Fed. R. Civ. P. 8(a)(2). The court does not have to accept legal conclusions that are couched as factual allegations, Twombly, 127 S.Ct. at 1964, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Rule 8(a)(2) requires a showing, not simply a blanket assertion of "entitlement to relief." Twombly, 127 S.Ct. at 1965 n.3. The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964 (citing Papasan v. Allain, 478 U.S. 265, 268 (1986)); see Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008). However, the plaintiff is not required to show that it is likely to obtain relief; if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Id. at 1969 & n.8.

B.  Count III fails to allege a negligent installation claim against ATD

ATD asserts that Plaintiff has failed to properly plead facts supporting a valid claim for negligent installation. In a recent case from the District of Maryland, a

plaintiff's complaint was dismissed for failure to state a claim because only conclusory terms like "defective" and "negligent" were used and these terms could sound in tort, contract, or products liability law.  Heck v. Am. Med. Sys., Inc., CCB-07-2101, 2008 WL 1990710, at *2 (D. Md. Apr. 30, 2008).  The Court stated that because the complaint used mere "labels and conclusions," it failed to put the defendant on notice of the claims and why the plaintiff was entitled to relief.  Id.  Furthermore, the plaintiff failed to provide factual support to satisfy the elements of the theory.  Id.

In this case, it appears Plaintiff has failed to adequately provide enough factual support to overcome the 12(b)(6) standard.  Plaintiff alleges in the Amended Complaint the following facts which support her claim for negligent installation:

- In 2003, ATD sold a Magnum Lifts XL to Mr. Sprouse. (Compl. ¶ 10.)
- ATD agreed to deliver and install the lift at Mr. Sprouse's shop. (Compl. ¶ 10.)
- ATD employed Felder to install the lift.  (Compl. ¶ 11.)
- ATD paid for, directed, and controlled Felder's installation of the lift. (Compl. ¶ 11.)
- ATD "owed a duty to Mr. Sprouse to install the lift in such a way as would make it reasonably safe for its intended use and for its reasonably foreseeable uses."  (Compl. ¶ 28.)
- The installation of the lift by ATD "was negligent and defective and caused the lift's front, passenger-side lift arm to fail to lock." (Compl. ¶ 29.)

Even though Count III incorporates by reference all of the allegations contained in the Amended Complaint, Plaintiff still fails to make out a fair complaint against ATD on Count III.

While the Amended Complaint puts forth valid and properly pled defective design and manufacturing claims against all the defendants, nothing contained in the Amended Complaint rises to the satisfactory level of pleading a negligent

4

installation claim against ATD. The Amended Complaint fails to allege how Felder's actions were negligent, what he specifically did to make the installation negligent, or why the accident should be attributed to Felder and not defective design or manufacturing. Furthermore, if the lift was installed in 2003, the Amended Complaint fails to distinguish how the purported negligent installation caused the accident in 2007, separate and apart from any design or manufacturing defect. After reviewing the facts in a light most favorable to the Plaintiff, this Court finds that Plaintiff has failed to plead a valid claim against ATD for negligent installation.

### III. CONCLUSION

For the above reasons, Defendant ATD's Partial Motion to Dismiss Count III of the Amended Complaint is GRANTED and Count III is DISMISSED.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this   14th    day of January 2009